J-S07006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN MICHAEL MOTTER, | |
| Appellant | No. 1101 MDA 2014 |

Appeal from the Judgment of Sentence Entered June 25, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000780-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 20, 2015**

Appellant, Kevin Michael Motter, appeals from the judgment of sentence of 30 days' incarceration, followed by 60 days' house arrest, imposed after he was convicted of driving under the influence of alcohol (DUI) and the summary offense of careless driving.  Appellant challenges the trial court's denial of his pretrial motion to suppress.  We affirm.

On March 1, 2013, Pennsylvania State Trooper John Huffstutler stopped Appellant's vehicle for the summary offense of following too closely, 75 Pa.C.S. § 3310(a).  When the trooper approached Appellant's vehicle, he smelled a strong odor of alcohol on Appellant's breath, and observed that Appellant's eyes were bloodshot and glassy.  **See** Trial Court Opinion (TCO), 8/15/14, at 4.  After having Appellant perform several field sobriety tests, Trooper Huffstutler placed him under arrest for suspicion of DUI.  **Id.**  A

sample of Appellant's blood was subsequently taken, confirming that he had a blood alcohol content of .169 percent. *Id.*

Based on these facts, Appellant was charged with DUI, as well as the summary offenses of following too closely and careless driving. Prior to trial, he filed a motion to suppress, arguing that Trooper Huffstutler did not possess probable cause to stop Appellant's vehicle for following too closely, a violation of the Motor Vehicle Code (MVC). A suppression hearing was conducted on November 6, 2013, after which the trial court denied Appellant's motion to suppress. Appellant proceeded to a jury trial on April 7, 2014, and was convicted of DUI and careless driving. The jury acquitted him of the charge of following too closely. Appellant was subsequently sentenced to a term of 30 days' incarceration, followed by 60 days' house arrest.[1]

Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises two issues for our review:

> I. Did the suppression court err in denying Appellant's motion to suppress evidence when the police officer failed to articulate specific facts that would provide that he had probable cause to believe Appellant was in violation of section 3310 of the [MVC]?

---

[1] The trial court notes in its opinion that Appellant received a sentence of incarceration because this was Appellant's second DUI conviction. *See* TCO at 5.

II. Did the police officer fail to articulate specific facts that would provide that he had probable cause to believe Appellant was in violation of section 3310 of the [MVC]?

Appellant's Brief at 6 (unnecessary capitalization omitted).

Initially, we note that Appellant's two issues differ in only one regard. In Appellant's first claim, he alleges that Trooper Huffstatler's *suppression hearing* testimony was insufficient to demonstrate that the trooper had probable cause to stop his vehicle. In Appellant's second issue, he argues that the trooper's *trial* testimony was also insufficient to prove probable cause. However, in reviewing the denial of a motion to suppress, we only assess whether the court's decision is supported by the evidence presented at the suppression hearing. *See In re L.J.*, 79 A.3d 1073, 1084 (Pa. 2013) (concluding that the language of Pa.R.Crim.P. 581 (governing the suppression of evidence) "strongly suggests that the record of the suppression hearing is intended to be the complete record for suppression issues, and those issues are to be finally determined before trial, not during trial or after trial"). Consequently, we will not consider Appellant's argument regarding Trooper Huffstatler's trial testimony in assessing the court's denial of his pretrial motion to suppress.

Our standard of review for denial of a suppression motion is as follows:

In reviewing an order from a suppression court, we consider the Commonwealth's evidence, and only so much of the defendant's evidence as remains uncontradicted. We accept the suppression court's factual findings which are supported by the evidence and reverse only when the court draws erroneous conclusions from those facts.

*Commonwealth v. Hoopes*, 722 A.2d 172, 174-75 (Pa. Super. 1998).

- 3 -

We begin our assessment of the suppression court's decision by noting that it properly concluded that Trooper Huffstatler was required to possess probable cause to justify the stop of Appellant's vehicle for a violation of 75 Pa.C.S. § 3310(a), as the stop did not "serve a stated investigatory purpose." **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010). In **Feczko**, this Court held that "[m]ere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, it is encumbent [*sic*] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the [MVC]." **Id.** at 1291 (citations, internal quotation marks, and emphasis omitted).

Appellant contends that Trooper Huffstatler failed to articulate sufficient facts to prove that he had probable cause that Appellant's vehicle was following too closely in violation of section 3310(a) of the MVC. That statute states:

> **(a) General rule.**--The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.

75 Pa.C.S. § 3310(a). Appellant primarily avers that Trooper Huffstatler failed to proffer any testimony regarding the speed at which the vehicles were traveling. He maintains that "[w]ithout any evidence of speed, there

can be no probable cause to stop Appellant's vehicle." Appellant's Brief at 15. In support, Appellant relies on this Court's decision in **Commonwealth v. Phinn**, 761 A.2d 176 (Pa. Super. 2000). There, we found that an officer's observation of the defendant's vehicle "traveling less than a motorcycle-length distance behind a tractor-trailer on Interstate 80 *where the vehicles' respective rates of speed were at or near the speed limit for that highway*[,]" was sufficient to justify the stop of the defendant's vehicle for a violation of section 3310(a). **Id.** at 180 (emphasis added).

While in **Phinn**, we *considered* the officer's testimony regarding the speed of the defendant's vehicle in assessing the legality of the stop, we did not hold that there *must* be evidence regarding speed in order to prove that a stop under section 3310(a) is valid. In any event, Trooper Huffstatler did offer testimony regarding Appellant's speed. At the suppression hearing, he stated that he observed Appellant's vehicle "pull[] out from a stop sign while accelerating at *an unreasonably high rate of speed*…." N.T., 11/6/13, at 4 (emphasis added). Trooper Huffstatler went on to state:

> [Trooper Huffstatler:] [Appellant's] vehicle then continued to travel east onto Market Street in the borough of Jonestown, approached the rear of another vehicle traveling the same direction ahead of [Appellant's] vehicle, and then began to follow that vehicle at the intersection of Mulberry Street and Market Street at a distance not reasonable. *Based on the speeds of these vehicles* and the roadway conditions, it is an urban area, if there had been an application of the brakes by the lead driver for any reason, abruptly or otherwise, it would have caused [Appellant's] vehicle to essentially rear-end the lead vehicle.

*Id.* at 5 (emphasis added). The trooper later elaborated that Appellant's vehicle was within five feet of the vehicle in front of him. *Id.* at 5-6. He also added that Appellant's vehicle was traveling in this manner at approximately 4:30 p.m. on a weekday. *Id.* at 4. When asked why he ultimately decided to stop Appellant's vehicle, the trooper stated: "Based on [] what I observed, *the speed [at] which the vehicles were traveling*, I immediately observed that it wasn't reasonable[,] that the distance would have constituted a hazard so I did initiate a traffic stop." *Id.* at 7 (emphasis added).

In sum, Trooper Hoffstatler's testimony indicated that he considered Appellant's speed in assessing whether Appellant was following the lead car "more closely than is reasonable and prudent…." 75 Pa.C.S. § 3310(a). The trooper ultimately determined that, based on the speed at which Appellant's vehicle and the lead car were traveling, the distance between them was unreasonable and hazardous, as Appellant's vehicle would have collided with the lead vehicle had that car applied its brakes. We conclude that this "evidence clearly bespeaks a hazard within the contemplation of [s]ection 3310." *Phinn*, 761 A.2d at 180. Therefore, the record supports the suppression court's legal determination that Trooper Huffstatler had probable cause to stop Appellant's vehicle for a violation of section 3310(a).

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/20/2015